IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEO LERMA,

        Plaintiff,                        CV F 05 0797 OWW WMW P

   vs.                                  ORDER DISMISSING COMPLAINT
                                              WITH LEAVE TO AMEND

J. GONZALES, et al.,

        Defendants.

        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        This action proceeds on the October 14, 2005, first amended complaint.  Plaintiff, an inmate in the custody of the California Department of Corrections at CSP Corcoran, brings this civil rights action against defendants employed by the Department of Corrections at Corcoran State Prison.

        Plaintiff sets forth various claims in this complaint.  Though plaintiff sets forth articulable grievances, he does so in vague and conclusory terms.   Throughout the first amended complaint, plaintiff refers to "defendants" in general.   Though plaintiff refers to J. Gonzales as a defendant on the title page of the first amended complaint, he does not identify or refer to individuals in the text of the complaint.

The statute under which this action proceeds plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which the complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

The court finds the allegations in plaintiff's complaint vague and conclusory.  Specifically, plaintiff does not name individual defendants in the first amended complaint.  Plaintiff must allege facts that indicate that individual defendants engaged in conduct that deprived him of a protected interest.  General allegations relating to "defendants" fails to state a claim for relief.

The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

1  there is some affirmative link or connection between a defendant's actions and the claimed
2  deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir.
3  1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).
4        In addition, plaintiff is informed that the court cannot refer to a prior pleading in
5  order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an
6  amended complaint be complete in itself without reference to any prior pleading.  This is
7  because, as a general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux</u>
8  <u>v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original
9  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
10 original complaint, each claim and the involvement of each defendant must be sufficiently
11 alleged.
12       In accordance with the above, IT IS HEREBY ORDERED that:
13       1. Plaintiff's first complaint is dismissed; and
14       2. Plaintiff is granted thirty days from the date of service of this order to file a
15 second amended complaint that complies with the requirements of the Civil Rights Act, the
16 Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must
17 bear the docket number assigned this case and must be labeled "Second Amended Complaint";
18 plaintiff must file an original and two copies of the amended complaint; failure to file an
19 amended complaint in accordance with this order will result in a recommendation that this action
20 be dismissed.

22 IT IS SO ORDERED.
23 **Dated:   October 20, 2005**            /s/  William M. Wunderlich
   mmkd34                         UNITED STATES MAGISTRATE JUDGE