1

2                    IN THE UNITED STATES DISTRICT COURT

3                   FOR THE EASTERN DISTRICT OF CALIFORNIA

4

5

6

7   LEO LERMA,

8           Plaintiff,                    CV F 05 0797 OWW WMW P

9      vs.                                   ORDER DISMISSING AMENDED
                                          COMPLAINT WITH LEAVE TO
10                         FURTHER AMEND

11

12   J. GONZALES, et al.,

13           Defendants.

14

15

16       Plaintiff is a state prisoner proceeding pro se.  On October 20, 2005, an order was

17   entered, dismissing the first amended complaint and granting plaintiff leave to file a second

18   amended complaint.    On October 24, 2005, plaintiff filed second amended complaint.   On

19   November 8, 2005, plaintiff filed a third amended complaint.   On November 17, 2005, the court

20   lodged a fourth amended complaint, and on January 10, 2006, a fifth amended complaint was

21   lodged.   This action proceeds on the May 25, 2006, seventh amended complaint.

22       In prior orders, the court noted that Plaintiff's submissions generally consisted of pages

23   of generalized allegations that failed to state a claim for relief.  Plaintiff was advised that once an

24   amended complaint is filed, the Court will not consider any allegations in prior complaints.   The

25   Court will not refer to prior pleadings in order to make an amended complaint complete.

26

1

1    The statute on which this action proceeds plainly requires that there be an actual

2    connection or link between the actions of the defendants and the deprivation alleged to have

3    been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978);

4    Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects'

5    another to the deprivation of a constitutional right, within the meaning of section 1983, if he does

6    an affirmative act, participates in another's affirmative acts or omits to perform an act which he

7    is legally required to do that causes the deprivation of which the complaint is made."  Johnson v.

8    Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

9    The seventh amended complaint does reveal specific complaints.  Plaintiff states that,

10   while housed in the Security Housing Unit, he was subjected to unconstitutional conditions of

11   confinement.   He states that at times the water was turned off, that he was deprived of food

12   (Plaintiff does not indicate any length of time), and that he was subjected to "stressful situations

13   in this atmosphere of conspiracy."   Plaintiff does not, however, identify any individuals that

14   engaged in specific conduct that deprived Plaintiff of a protected interest, nor does Plaintiff

15   specifically charge any individual with conduct.

16   The court finds the allegations in plaintiff's sevent amended complaint vague and

17   conclusory.   The court has determined that the complaint does not contain a short and plain

18   statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible

19   pleading policy, a complaint must give fair notice and state the elements of the claim plainly and

20   succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff

21   must allege with at least some degree of particularity overt acts which defendants engaged in that

22   support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of

23   Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to

24   file an amended complaint.

25   If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

26

conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  <u>See</u> <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

      1.  Plaintiff's October 30, 2006, amended complaint is dismissed; and

      2.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.


IT IS SO ORDERED.

**Dated:    June 13, 2007**                    <u>      /s/  William M. Wunderlich      </u>
                                                                  UNITED STATES MAGISTRATE JUDGE

3